```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED STATES OF AMERICA                :
                                        :
              vs.                       :   No. 18-cr-323 (JSR)
                                        :
EZRA CHOWAIKI,                          :
                         Defendant.     :
------------------------------------------------------------------
```

## PETITION FOR RELIEF FROM FORFEITURE

WEINSTEIN GALLERY, INC. ("Weinstein Gallery"), a corporation incorporated under the laws of the State of California, by its attorneys Locke Lord LLP, petitions the Court for relief from the Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment entered in the above captioned proceeding on May 4, 2018 (ECF 16), as amended by the Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment entered in the above captioned proceeding on May 16, 2018 (ECF 19) (together; the "Preliminary Forfeiture Order") and alleges as follows:

1. On or about May 3, 2018, EZRA CHOWAIKI ("Defendant") was charged in a one count information with wire fraud in violation of 18 U.S.C. § 1343, which information included a forfeiture allegation seeking forfeiture to the United States of any and all proceeds traceable to the commission of the charged offense, including all right, title and interest of the Defendant in certain works of art (the "Specific Property"), among which were the following works of art (the "Weinstein Works"):

    a. Yves Tanguy – *Je Te Retrouve Objet Trouvé* (the "Tanguy Work")

    b. Max Ernst – *Temptation of St. Anthony* (the "Ernst Work")

    c. Roberto Matta – *Black Mirror* (the "Matta Work")

   d.  Marc Chagall – *Bouquet au Verre* (the "Chagall Work")

 2. On or about May 3, 2018, the Defendant pled guilty to the charged offense, admitted to the forfeiture allegation and agreed to forfeit, among other things, the Specific Property.

 3. The Defendant and the United States stipulated to the Preliminary Forfeiture Order, which has been "So Ordered" and entered by the Court.

 4. The Preliminary Forfeiture Order provides, in part, that all of the Defendant's right, title and interest in the Specific Property is forfeited to the United States.  The Preliminary Forfeiture Order further provides that any person, other than the Defendant, claiming interest in the Specific Property must file a petition for a hearing to adjudicate the validity of the petitioner's interest in the Specific Property, signed by the petitioner under penalty of perjury and setting forth the nature and extent of the petitioner's right, title or interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

 5. At all times relevant to these proceedings, Weinstein Gallery has been, and it remains, the owner of the Weinstein Works.  At no time has the Defendant had any interest in any of the Weinstein Works.

 6. Weinstein Gallery acquired the Matta Work at an auction conducted by Christie's on or about May 29, 2009.  Annexed hereto as Exhibit A-1 is a copy of Christie's invoice J170397 dated June 5, 2009 addressed to Weinstein Gallery.[1]  Weinstein Gallery paid Christie's invoice shortly after receiving it.

 7. Weinstein Gallery acquired the Chagall Work at an auction conducted by Fine Art Auctions Miami on or about April 26, 2012.  Annexed hereto as Exhibit A-2 is a copy of Fine

---

[1] Prices have been redacted from the exhibits annexed to this Petition.

2

Art Auctions Miami's invoice 189 dated April 30, 2012 addressed to Weinstein Gallery. Weinstein Gallery paid Fine Art Auctions Miami's invoice shortly after receiving it.

8. Weinstein Gallery acquired the Ernst Work at an auction conducted by Christie's on or about May 9, 2013. Annexed hereto as Exhibit A-3 is a copy of Christie's invoice J921578 dated May 9, 2013 addressed to Weinstein Gallery. Weinstein Gallery paid Christie's invoice shortly after receiving it.

9. Weinstein Gallery acquired the Tanguy Work at an auction conducted by Christie's on or about November 4, 2013. Annexed hereto as Exhibit A-4 is a copy of Christie's invoice J928215 dated November 4, 2013 addressed to Weinstein Gallery. Weinstein Gallery paid Christie's invoice shortly after receiving it.

10. At no time has Weinstein Gallery entered into any agreements with the Defendant, Ezra Chowaiki personally concerning the Weinstein Works, nor has Weinstein Gallery ever conveyed any interest in the Weinstein Works to the Defendant.

11. In 2017 Weinstein Gallery entered into the following agreements with Chowaiki & Co. Fine Art Ltd. ("Chowaiki & Co.") concerning the Weinstein Works.

   a. On June 15, 2017, Weinstein Gallery and Chowaiki & Co. entered an agreement pursuant to which Weinstein Gallery delivered the Tanguy Work, the Ernst Work and the Matta Work (referred to in the agreement as the "Goods") to Chowaiki & Co. on a consignment basis and Chowaiki & Co. was to use its best efforts to display and sell them. A copy of this agreement is annexed hereto as Exhibit B-1. According to the agreement, Weinstein Gallery "is and shall remain the owner of each item included in the Goods and shall retain full title thereto until [Chowaiki & Co.] makes an authorized sale thereof," and all works that were not sold were to be returned to Weinstein Gallery upon

termination of the agreement. The agreement was to terminate on July 31, 2017; however, its termination was extended to October 11, 2017, as reflected in the copy of the agreement annexed hereto. Chowaiki & Co. did not make an authorized sale of any of the works before the agreement terminated on October 11, 2017. Notwithstanding the agreement's termination, none of the works delivered by Weinstein Gallery to Chowaiki & Co. has been returned to Weinstein Gallery and Weinstein Gallery has not been paid for any of them.

      b.     Also on June 15, 2017, Weinstein Gallery and Chowaiki & Co. entered a second agreement pursuant to which Weinstein Gallery delivered the Chagall Work (referred to in the agreement as the "Goods") to Chowaiki & Co. on a consignment basis and Chowaiki & Co. was to use its best efforts to display and sell it. A copy of the second agreement is annexed hereto as Exhibit B-2. This agreement also provides that Weinstein Gallery "is and shall remain the owner of each item included in the Goods and shall retain full title thereto until [Chowaiki & Co.] makes an authorized sale thereof" and, if not sold, the Chagall Work was to be returned to Weinstein Gallery upon termination of the agreement. The second agreement was also to terminate on July 31, 2017; however, its termination was also extended to October 11, 2017, as reflected in the copy of the agreement annexed hereto. Chowaiki & Co. did not make an authorized sale of the Chagall Work before the agreement terminated on October 11, 2017. Notwithstanding the agreement's termination, the Chagall Work has not been returned to Weinstein Gallery and Weinstein Gallery has not been paid for it.

12.     Weinstein Gallery is the owner of all legal right, title, and interest in each of the four Weinstein Works, and such right, title, and interest renders the Preliminary Forfeiture Order

invalid insofar as the Weinstein Works are concerned because the right, title, or interest in the Weinstein Works was vested in Weinstein Gallery, not the Defendant or Chowaiki & Co., who had no right, title, or interest in any of the Weinstein Works, at the time of the commission of the acts which gave rise to the instant forfeiture.

13. The Preliminary Forfeiture Order should be amended to provide that the Weinstein Works are not forfeited and are not included within the Specific Property listed in the Preliminary Forfeiture Order.

14. The Court should order the United States to deliver the Weinstein Works to Weinstein Gallery should any of the Weinstein Works be now or in the future in the United States' possession, custody or control.

15. Pursuant to 28 U.S.C. § 2412(d), Weinstein Gallery is entitled to an award of fees and other expenses incurred by it in this action, including without limitation the reasonable expenses of expert witnesses and reasonable attorney fees.

WHEREFORE, Weinstein Gallery prays that the Court enter judgment as follows:

A. Declaring that Weinstein Gallery is the owner of all legal right, title, and interest in each of the Weinstein Works and that such right, title, and interest renders the Preliminary Forfeiture Order invalid insofar as each of the Weinstein Works is concerned;

B. Amending the Preliminary Forfeiture Order to provide that the Weinstein Works are not forfeited and are not included within the Specific Property listed in the Preliminary Forfeiture Order;

C. Ordering the United States to deliver the Weinstein Works to Weinstein Gallery should any of the Weinstein Works be now or in the future in the United States' possession, custody or control;

America 69243704v.2

D. Awarding Weinstein Gallery the fees and other expenses incurred by it in this action, including without limitation the reasonable expenses of expert witnesses and reasonable attorney fees, to be paid to Weinstein Gallery by the United States; and

E. Such other and further relief as the Court may deem just and proper.

Dated: June 22, 2018
   New York, New York

            LOCKE LORD LLP

           By: _____
             Ira S. Greene
             Alan H. Katz
             Brookfield Place
             200 Vesey Street, 20th Floor
             New York, New York 10281
             (212) 415-8600
             Attorneys for Weinstein Gallery, Inc.

## VERIFICATION

I declare, under penalty of perjury, as follows: I am the President and Chief Executive Officer of Weinstein Gallery, Inc.; I have personal knowledge of the facts alleged in the foregoing Petition for Relief from Forfeiture; such facts are true and correct; and I execute this Verification on behalf of Weinstein Gallery, Inc.

Executed on June 22, 2018
In San Francisco, California.

               _____
               Rowland Weinstein

6

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on July 2, 2018, the foregoing Petition for Relief from Forfeiture has been served on all parties to the above-captioned proceeding by electronic service made through the Court's ECF system and by placing copies thereof into the U.S mail, first class postage prepaid, addressed to each of the following:

>Daniel M. Tracer, Esq.
>Assistant United States Attorney
>One St. Andrew's Plaza
>New York, NY 10007
>
>Daniel S. Parker, Esq.
>Parker & Carmody, LLP
>850 Third Avenue, 15th Floor
>New York, NY 10022

New York, New York
July 2, 2018

Alan H. Katz

America 69243704v.2