ARCHER & GREINER, P.C.
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Allen G. Kadish
Lance A. Schildkraut
Email: akadish@archerlaw.com
      lschildkraut@archerlaw.com

*Attorneys for Bogomila Welsh-Ovcharov, Petitioner*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **VERIFIED PETITION OF** |
| | : | **BOGOMILA WELSH-OVCHAROV** |
| Plaintiff, | : | **FOR DETERMINATION OF** |
| | : | **INTEREST IN PROPERTY** |
| -against- | : | **SUBJECT TO FORFEITURE** |
| | : | |
| EZRA CHOWAIKI, | : | Case No. 1:18-cr-00323-JSR-1 |
| | : | |
| Defendant. | : | |

-------------------------------------------------------X

TO:  THE HONORABLE JED S. RAKOFF,
      UNITED STATES DISTRICT JUDGE:

**BOGOMILA WELSH-OVCHAROV**, Petitioner (the "Petitioner"), by and through her undersigned counsel, Archer & Greiner, P.C., pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, hereby respectfully petitions the Court for:

    (i)    a determination of the Petitioner's interest in property subject to the Court's *Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment*, entered on May 16, 2018 [Docket No. 19] (the "Preliminary Order"), to amend the Preliminary Order (and any final forfeiture order to be issued) to exclude all property in which the Petitioner has right, title and interest; and

      (ii)    only in the alternative, in the event that her property is forfeited to the Government of the United *States* of America (the "Government"), a determination that the Petitioner be entitled to certain property and be compensated for her interest in certain property.

## I.

## **PRELIMINARY STATEMENT**

1.    The Petitioner consigned four substantial works of art to a gallery subject to the circumstances described below. Of the *four*, *two* works of art were recovered and restored to the Petitioner, and a *third* work of art was sold with proceeds allocated between the gallery's bankruptcy trustee and the Petitioner (all subject to court-approved agreement with the gallery's bankruptcy trustee). This Petition arises out of the failure to locate and recover the *fourth* work of art, a 1906 Mondrian, *Broekzjider Mill in the Evening* (the "Mill Painting"), a valuable painting by a well-known European painter, which was owned by the Petitioner for more than fifty years. The Government seeks to include the Mill Painting among the assets subject to its forfeiture order in the criminal case of the gallery's principal, the effect of which would be to deprive the Petitioner of her exclusive rights as owner of the Mill Painting, which she duly consigned to the gallery and which was not returned to her in accordance with written directions. The Petitioner seeks a determination that the Mill Painting is hers and should not be forfeited to the Government in this case. In support of her request, the Petitioner respectfully states as follows:

II.

## FACTS

**A.     The Preliminary Order in this Case**

      2.     On or about May 3, 2018, the captioned defendant, Ezra Chowaiki ("Chowaiki") pled guilty to wire fraud and forfeited rights in certain paintings, including the Mill Painting.

      3.     Paragraphs 2 and 3 of the Preliminary Order contemplate an Order of Forfeiture, subject to the return of property to its rightful owners pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

      4.     The Petitioner timely[1] asserts her right, title, and interest as the sole owner of the Mill Painting. The Petitioner asserts her rights herein without prejudice to any and all rights that the Petitioner has, in the alternative, to seek recovery of forfeited funds or property as a victim of the conduct for which the defendant has pled guilty.

      5.     The Petitioner has provided information to and has cooperated with the New York City Police Department, the Federal Bureau of Investigation, the U.S. Attorney's Office and the bankruptcy trustee in this and related matters.

**B.     The Petitioner**

      6.     The Petitioner is a retired Professor of Art History (Professor Emeritus) at the University of Toronto. She is a published authority on the art of Vincent Van Gogh and his contemporaries. She has curated exhibitions on Van Gogh including in Paris and is an international

---

[1] Paragraph 11 of the Preliminary Order directed the Government to "send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture . . .." The Petitioner's prior counsel received such notice by Certified Mail on June 7, 2018, in the form of a letter from the United States Attorney for the Southern District of New York dated June 4, 2018.

3

award winner in her field. Her late first husband, Robert P. Welsh, was a scholar of international reputation on the works of Piet Mondrian, and the co-author of *Piet Mondrian: Catalogue Raisonné,* recognized as the definitive inventory of Mondrian's paintings.

### C.     The Mill Painting

7.     Mondrian (1872-1944) was a Dutch painter who is considered one of the greatest artists of the 20th century. He is known for having evolved his artistic direction from figurative to abstract, until his artistic expression was reduced to simple geometric elements. Mondrian's art is considered utopian, concerned with a search for universal values and aesthetics.

8.     Relevant hereto, the Petitioner is the owner of the Mill Painting, a 1906 oil on canvas, 13¼ inches by 19¾ inches, depicting a Dutch windmill. The Petitioner's Mill Painting is identified in the Preliminary Order in the list of works of art subject to forfeiture:

>     (a)     in the second "Whereas" clause on page 1, as item "e;" and
>
>     (b)     in paragraph 3 on page 5, as the fifth item, assigned a value by the Government in the context of the money judgment against the defendant.[2]

9.     In 1966, the Petitioner's late first husband, Robert P. Welsh, purchased the Mill Painting from an art gallery in Amsterdam, Holland. Provenance documents are attached hereto as **Exhibit 1,** consisting of:

>     **Exhibit 1A**: An affidavit of Annie Smid, confirming the date and circumstances of the purchase, together with the provenance of the Mill Painting and a photograph of the Mill Painting taken by the Petitioner in her living room;

---

[2] The amount attributed to the value of the Mill Painting by the Government is incorrect and inconsistent with the Consignment Agreement. As stated in the Consignment Agreement and in the Certificate of Insurance, both dated February 21, 2017, the value of this work is $225,000. A copy of the Consignment Agreement is attached as **Exhibit 2**. A photograph of the Mill Painting is included with **Exhibit 1A**.

4

>**Exhibit 1B**: A letter from the Petitioner to the Chowaiki Gallery (defined below) describing the provenance of the Mill Painting; and
>
>**Exhibit 1C**: An affidavit by the Petitioner filed with the New York State Supreme Court, Commercial Division, attesting to the Mill Painting's provenance and showing her to be the Mill Painting's sole owner.

**D.   The Consignment**

10.   In or around January 2017, the Petitioner and her current husband, William Lerner, determined to sell four paintings including the Mill Painting. The Petitioner decided to sell the paintings in her retirement to raise funds to support her handicapped adult son who required financial support. The Petitioner planned to use the proceeds to purchase a house for her son. She intended that her son would live in part of the house and receive income from the rental of the rest of the house.

11.   For that purpose, the Petitioner consigned four works of art to be sold by Chowaiki & Co. Fine Art Ltd. (the "Chowaiki Gallery"). A co-owner of that gallery, Chowaiki, the criminal defendant herein, was known to Petitioner's husband, William Lerner, for many years and the Petitioner became socially acquainted with him as well. The Petitioner and her husband trusted him. Chowaiki traded in art of well-known artists as set forth in the Preliminary Order, including Calder, Chagall, Degas, Leger, Miro and Picasso. Before turning the works of art over to the Chowaiki Gallery, the Petitioner explained to Chowaiki in detail why she determined to sell them at the time, the circumstances under which she had acquired them, and the circumstances of her son that caused her to consign them. At the time of the consignment, the Petitioner and Chowaiki agreed to make available the four works of art at an upcoming well-reputed art show in New York City.

5

12. On February 21, 2017, the Petitioner consigned four of her works of art to the Chowaiki Gallery:

> (i) *Polder with Moored Boat Near Amsterdam II*
> by Piet Mondrian;
>
> (ii) *Jenny*
> by Baart van der Leck;
>
> (iii) *Kleine Dack Soiree*
> by Theo van Doesburg and Kurt Schwitters; and
>
> (iv) *Broekzijder Mill in the Evening*
> by Piet Mondrian.

A copy of the Consignment Agreement is attached hereto as **Exhibit 2.** At the time of the consignment, Chowaiki and his staff at the Chowaiki Gallery estimated the worth of the Mill Painting at $225,000 and included that figure in the Consignment Agreement.

13. Also, on or about February 21, 2017, concurrently with the Consignment Agreement, the Petitioner received from the Chowaiki Gallery a Certificate of Insurance with respect to the four works, including the Mill Painting. A true copy of the Certificate of Insurance is attached hereto as **Exhibit 3.** The Certificate of Insurance named the Petitioner as "Certificate Hold[er]" and stated as follows:

> Perils Insured: Usual "All Risks" fine arts terms and conditions including transit to, from and while at the premises of Chowaiki & Co. Fine Art, Ltd., and including any un-named locations and/or any transits that may be required anywhere in the World ("Wall to Wall"). Certificate holder is named as Loss Payee with regard to the artwork listed on this certificate.

### E.   Termination of Consignment

14. Over the next several months, the Petitioner discovered that the Chowaiki Gallery had neither exhibited nor sold the works of art. On June 21, 2017, the Petitioner terminated

the consignment. The Petitioner's husband, William Lerner, sent the following notice to the Chowaiki Gallery (the "Termination Notice"):

> EZRA & LIZA -- I am sending this message on behalf of and at the request of Bogomila to inform you of the fact that **she has reconsidered having the works of art covered by the Consignment and sold at this time**. As you know the Consignment was entered into because it was intended the works would be part of the TAEF [*sic*–TEFAF]-NY Show, but this did not occur, and certain of the works were then delivered to Dickinson to participate with the sale. As you know we were in NYC in early May and did visit with you and representatives of Dickenson [*sic*], but to this date with more than 7 weeks passing there has been no communication as to what if anything is happing [*sic*--happening] with regard to the Consignment and a Sale. Hence – **<u>the Consignment should not be considered to be operative without our having further discussion and authorization to proceed</u>**.
>
> Until further discussion the works should be kept in 'safe-keeping' and since they are in effect in your possession the works should continue to be insured.
>
> We are disappointed that no representatives from Dickinson have been in touch with us and no real interest seems to have been shown by them regarding assisting with or arranging for a sale.
>
> I am sending this message, and will call you later to discuss. While we appreciate your interest in helping, we are disappointed that no progress has been made, as we expected.
>
> Our best regards – Please confirm receipt of this message.
>
> – William [Lerner][3]

A copy of the Termination Notice is attached hereto as **Exhibit 4.** The works of art were not returned.

---

[3] Underscoring in the original email – emphasis added in boldface.

7

### F. Disposition of the Mill Painting

15. On or about September 6, 2017, as set forth in prior court documents, the Chowaiki Gallery's curator, Liza Lan, observed Chowaiki removing the Mill Painting from the premises of the Chowaiki Gallery. The curator asked Chowaiki what he was doing, and Chowaiki explained that he was removing the painting for one day only, and would return it the following day. He did not return the Mill Painting the next day, or at any time thereafter, but transferred it to another individual, Dustin Adam Stein ("Stein"). Records of the Chowaiki Gallery, obtained later, which are attached hereto as **Exhibit 5**, show the Mill Painting to have been used by Chowaiki as collateral for a loan extended by Stein.

### G. *Welch-Ovcharov v. Stein*

16. In December 2017, the Petitioner initiated an action in the Supreme Court of the State of New York, Commercial Division, against Stein, the individual to whom Chowaiki apparently had transferred the Mill Painting, and his art gallery. That action, styled *Bogomila M. Welch-Ovcharov v. Dustin Adam Stein and 326 Gallery*, Index No. 657211/2017 (assigned to Justice O. Peter Sherwood), sought recovery of the Mill Painting from those defendants. Stein claims that, through his art gallery, he acted as a broker and obtained the Mill Painting for a foreign third-party purchaser. A copy of Stein's affidavit filed in the action is attached hereto as **Exhibit 6**. Upon the bankruptcy filing of the Chowaiki Gallery the action was stayed. A true copy of the court order staying the action, entered on April 17, 2018, is attached hereto as **Exhibit 7**.

### H. This Federal Criminal Action

17. The Government opened a criminal action against Chowaiki. The Government announced Chowaiki's plea. Other works of art were recovered but, thus far, not the Mill Painting. The Petitioner submitted a Victim Impact Statement, dated June 7, 2018, a copy of

8

which is attached hereto as **Exhibit 8**.

## I.     The Chowaiki Gallery Chapter 7 Bankruptcy Case

18.     On November 13, 2017, the Chowaiki Gallery filed a petition for liquidation under Chapter 7 of the United States Bankruptcy Court for the Southern District of New York, under Chapter 7 Case No. 17-13228 (MKV) (the "Chapter 7 Case").  On November 14, 2017, an interim trustee was automatically appointed.  The interim trustee accepted the appointment, duly qualified, and is acting as trustee of the debtor's estate (the "Trustee").

19.     The Petitioner participated in the Chapter 7 Case and a related adversary proceeding and timely filed a proof of claim in the Chapter 7 Case asserting rights and seeking recovery of the four works of art, including the Mill Painting, or the value thereof.  A true copy of the Petitioner's proof of claim is attached hereto as **Exhibit 9.**

20.     After filing her proof of claim in the Chapter 7 Case, the Petitioner negotiated, and entered into a settlement agreement with, the Trustee to release any claim by the Trustee against the Petitioner's four works of art.  The Bankruptcy Court approved the settlement agreement by Order dated May 21, 2018 [Chapter 7 Case Docket No. 104].  A true copy of the court-approved settlement agreement is attached hereto as **Exhibit 10**.  In accordance with the settlement with the Trustee, (a) two of the Petitioner's four works of art consigned to the Chowaiki Gallery were returned to her as of June 29, 2018, (b) a third of the Petitioner's works of art was duly sold by the Trustee with the proceeds allocated between the Trustee and the Petitioner and duly paid to the Petitioner as of June 29, 2018, and (c) the Trustee relinquished any right he might have[4] to the fourth, the Mill Painting, in favor of the Petitioner.

21.     Thus, the Petitioner has proactively cooperated with, and consistently

---

[4] Certain rights are reserved in the event of insurance proceeds.

articulated and asserted her sole right to the Mill Painting to, each and every authority concerned with Chowaiki and the Gallery, and in each and every other proceeding including the Chapter 7 Case,[5] and seeks this Court's determination that the forfeiture excludes the Mill Painting in favor of her sole and exclusive ownership thereof.

## II.

## REQUEST

23. By virtue of the foregoing, the Petitioner is the sole, rightful owner of the Mill Painting. The Petitioner respectfully seeks such a determination herein.

## III.

## ALTERNATIVE REQUEST

23. Only in the event that this Petition is denied, then, based upon the foregoing, the Petitioner hereby respectfully asserts a claim herein sufficient to be compensated for her interest in the Mill Painting.

---

[5] The exhibits hereto have been filed and asserted in several other proceedings as identified herein.

## IV.

## **CONCLUSION**

**WHEREFORE,** based upon the foregoing facts and assertions and the exhibits attached hereto, the Petitioner respectfully requests:

- A. That the Court conduct a hearing pursuant to 21 U.S.C. § 853(n), or such other fact-finding or legal process as the Court deems appropriate, to adjudicate the validity of the Petitioner's claimed sole ownership interest in the Mill Painting;

- B. That the Court find and determine that the Petitioner has sole and all legal right, title and/or interest in the Mill Painting; and that such right, title, and/or interest renders the Preliminary Order invalid in whole or in part and to the extent relevant hereto, because the right, title and/or interest was vested in the Petitioner rather than in the defendant or any other party or was superior to any right, title, and/or interest of the defendant or any other party at the time of the commission of the acts which gave rise to the asserted forfeiture of the property (21 U.S.C. § 853(n)(6)(A));

- C. That the Court find and determine that all right, title and/or interest in the Mill Painting is and was vested in the Petitioner at all times relevant herein;

- D. That the Court find and determine that the Mill Painting is not subject to forfeiture under 21 U.S.C. § 853 or otherwise;

- E. That the Court determine that that the Mill Painting be excluded from the items subject to the Preliminary Order (and any final order of forfeiture), and that the Court so amend or deem amended any order(s) of forfeiture in accordance with the Court's determination;

F.      That, in the alternative, if, and only if, the Mill Painting is deemed subject to forfeiture, the Petitioner's claim be recognized and that she be compensated for her interest therein, together with any other entitlement such as interest, costs and fees; and

G.      That the Court grant the Petitioner such other and further relief as the Court deems just and proper.

Dated: New York, New York
       July 3, 2018

ARCHER & GREINER, P.C.

By: /s/ Allen G. Kadish
    Allen G. Kadish
    Lance A. Schildkraut
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Email: akadish@archerlaw.com
       lschildkraut@archerlaw.com

*Attorneys for Bogomila Welsh-Ovcharov, Petitioner*

## VERIFICATION

BOGOMILA WELSH-OVCHAROV declares under penalties of perjury pursuant to 28 U.S.C. § 1746:

I am the Petitioner in the within action.

I have read the pre-fixed Petition, know the contents thereof, and the same is true to my own knowledge, except as to matters which may be alleged upon information and belief, which I believe to be true.

I seek relief as stated in the pre-fixed Petition.

Date: Toronto, Ontario, Canada
July 2, 2018

BOGOMILA WELSH-OVCHAROV

# **INDEX TO EXHIBITS**

1. Provenance Documents:

    (A) Affidavit of Annie Smid, Provenance and Photograph
    (B) Letter from Petitioner to Chowaiki Gallery
    (C) Petitioner's Affidavit filed in New York County Supreme Court Action

2. Consignment Agreement
3. Certificate of Insurance
4. Termination Notice
5. Chowaiki Gallery Records
6. Affidavit of Dustin Adam Stein filed in New York County Supreme Court Action
7. Order Staying New York County Supreme Court Action
8. Victim Impact Statement
9. Proof of Claim in the Chapter 7 Case
10. "So Ordered" Settlement Agreement in the Chapter 7 Case