Melvyn R. Leventhal
Attorney At Law
*Attorney for Jeffrey H. Loria & Co., Inc.*
488 Madison Avenue, 18th Floor
New York, New York 10022
(212) 935 0800
mel@mleventhal.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
United States of America

                Plaintiff,   :   [Ancillary Proceeding]
   v.

Ezra Chowaiki   :   1:18 - cr 00323 - JSR

                Defendant.   :

and   :

**Jeffrey H. Loria & Co., Inc.**   :

       Third party - Petitioner-Claimant   :
------------------------------------------------------- x

**Jeffrey H. Loria & Co, Inc. Request for Ancillary Hearing**
**Pursuant to 21 U.S.C. § 853(n) and Rule 32.2 (c) of Fed. R. Crim. P.**

Petitioner-Claimant, Jeffrey H. Loria & Co., Inc., ("Loria & Co."), by and through its undersigned counsel, based upon the "Information" to which defendant Chowaiki pled guilty on or about May 3, 2018 ("Exhibit A" filed herewith); and based upon the "Amended Consent Preliminary Order of Forfeiture As to Specific Property/Money Judgment," agreed to by The Government and defendant Ezra Chowaiki, "So Ordered" by this Court on May 15, 2018 and entered by the Clerk on May 16, 2018 ("Forfeiture Order," "Exhibit "B" filed herewith); and based on the attached "Petition - Claim of Jeffrey H. Loria & Co. Inc., By and Through Its

1

Principal Jeffrey H. Loria" (hereinafter "Loria Petition" filed herewith); and based upon Exhibits "C" - "E" filed herewith, and such other proof as may be adduced upon hearing, alleges as follows:

1. Loria is an art gallery that engages in the business of buying and selling fine art. It is a corporation organized under the laws of the State of New York with offices located at 19 East 72nd Street, New York, New York 10021 (Loria Petition, p. 1).

2. On June 7, 2018, Loria & Co. received direct written notice of the Forfeiture Order (Loria Petition, p. 2, n.1). The Loria Petition, served herewith on Assistant United States Attorney Daniel M. Tracer, Esq., within 30 days of June 7, 2018, is therefore timely.

I
Petitioner- Loria Is The Rightful Owner of Specific Artworks
Seized by, and Preliminarily Forfeited to, the Government

3. Loria & Co. is the sole rightful owner of the following two artworks included as "Specific Property," forfeited by defendant to the Government under "Exhibit B," the Forfeiture Order (p. 2 and the "chart" on p. 5):

item"q" - Joan Miró – *Untitled* ($690,000).
Item "r" - F. Léger - *Portrait of Mrs. Chester Dale* ($550,000).

Loria Petition, pp. 2-3. [1]

---

[1] The purchase price paid by Loria & Co. for each of the artworks, as recorded in Exhibits "D" and "E," is proprietary confidential information and is therefore redacted from the exhibits. However, any party to this ancillary proceeding will be provided with an un-redacted copy of the exhibit(s) upon evidence that the information is relevant to and needed in this proceeding and upon the execution of a standard "Confidentiality Agreement."

4. Loria is also the rightful owner of 50% of the following two works of art included as "Specific Property" forfeited by defendant to the Government under "Exhibit B," the Forfeiture Order (p. 2 and the "chart" on p. 5):

> item "s" - Fernand Léger – *Study for Sao Paolo I* ($100,000).
> Item "t" - Fernand Léger - *Study for Sao Paolo II.* ($100,000).

*See,* Loria Petition, pp. 3- 4.

These two artworks were purchased by Loria in one transaction and were then, and still are, of equal value. However, on May 5, 2017, Loria sold a 50% interest in these two artworks combined to Chowaiki & Co. Fine Art Ltd. (hereinafter, "Chowaiki's Gallery"). *See,* Loria Petition, filed herewith, p. 3. Loria will therefore accept either artwork in full satisfaction of its claim to these two artworks; the Government is free to choose between the two.

## II
## Operating Through His Gallery, Defendant Chowaiki Obtained And Used Loria's Artworks For His Fraudulent Schemes

5. Jeffrey Loria delivered the four above listed artworks (the "Loria Artworks") to Chowaiki's Gallery based on defendant Chowaiki's representation to him that Chowaiki Gallery would sell the artworks to third parties on Loria & Co.'s behalf. *See,* Loria Petition, pp. 2-4.

6. In fact, defendant Chowaiki, operating by and through Chowaiki Gallery, used the Loria Artworks as part of his fraudulent schemes. More specifically:

(a) On May 3, 2018, Chowaiki pled guilty to Count One of the Information which included pleading guilty to a "Forfeiture Allegation." Specifically, Chowaiki pled guilty to the allegation that his obtaining of the Loria Artworks "derived from" and was "traceable to the commission of the offense" set forth in Count One of the Information and that such "Specific

3

Property" was therefore forfeited to the United States. *See*, "Information," "Exhibit A," p. 2, filed herewith.

(b) As stated in the relevant part of the Information, "from at least 2015 through at least or about 2017:

> Chowaiki, through the use of e-mail messages, telephone calls, and electronic fund transfers, defrauded ... sellers of fine art by deceiving them into sending ... artworks to his gallery in New York, New York under the false pretenses that Chowaiki would ... sell the artworks that had been provided to him.

"Exhibit A," the Information, pp.1-2.

(c) The Information was augmented by "Exhibit B," the "Forfeiture Order," filed on May 16, 2018, which reiterated that "defendant further consents to the forfeiture of all right, title and interest in the Specific Property which constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Information." The Loria Artworks were also included in "Exhibit B," the Forfeiture Order, p. 2 and the "chart" p. 5. [2]

(d) The Government's proof of the fraudulent misuse of the Loria Artworks is reinforced by defendant's further admissions set forth in "Schedules" filed by the debtor in the Chapter 7 Bankruptcy Court proceeding, *In re: Chowaiki & Co. Fine Arts Ltd.* ("Chowaiki Gallery"), No. 17-132228 (MKV) (SDNY). *See*, "Exhibit C" filed herewith.

More specifically, those schedules acknowledge that the Miró *Untitled,* and the Léger, *Portrait of Mrs. Chester Dale*, had been delivered to the Chowaiki Gallery on consignment from Jeffrey H. Loria & Co., Inc. but nevertheless, that the "Status/Location" of those two artworks were "*Collateral - with Ely Sakhai." *See*, "Exhibit C," p. 1, "Schedule of Artworks that are

---

[2] Inadvertent errors in the Information, in the naming of the artist for *Portrait of Mrs. Chester Dale* and in the naming of the artworks, *Study for Sao Paolo I* and *II*, were corrected by the Government in the Forfeiture Order.

4

Consigned in, from other owners/dealers/sources." Similarly, the Léger, *Study for Sao Paolo I*, 1953 and *Study for Sao Paolo II*, 1954, were scheduled as being only "½" owned by the Chowaiki Gallery, but nevertheless that the "Location" of the artworks was "*currently Collateral with Ely Sakhai." *See*, Exhibit "C," p. 2, "Schedule of Inventory-Gallery."

7. On information and belief, in connection with the instant prosecution of Ezra Chowaiki, the Government seized the Loria Artworks from Ely Sakhai and placed and holds them in a New York City warehouse.

8. Accordingly, pursuant to 21 USC § 853 (n)(6) (A), Loria & Co. has a legal right, title and interest in the four artworks described above, and such right, title and interest renders the Forfeiture Order invalid in part, because the said right, title and interest was vested in Loria & Co. rather than in the defendant Chowaiki, or was superior to any right title or interest of defendant Chowaiki at the time of the commission of the criminal acts which gave rise to the forfeiture of the four artworks to the United States.

WHEREFORE, Jeffrey H. Loria & Co., Inc. requests, pursuant 21 U.S.C. § 853(n) and Rule 32.2 (c) of the Federal Rules of Criminal Procedure, that the Court conduct an ancillary proceeding and thereupon (or upon a motion for summary judgment), adjudicate and find: a) that Jeffrey H. Loria & Co., Inc., and not defendant Chowaiki, was and is the sole and rightful owner of the Joan Miró – *Untitled* and the Fernand Léger - *Portrait of Mrs. Chester Dale;* and b) that Jeffrey H. Loria & Co., Inc., and not defendant Chowaiki, was and is the sole and rightful owner of 50% of the above referred to Fernand Léger artworks, *Study for Sao Paolo I* and *Study for Sao Paolo II;* and c) enter an order amending the Forfeiture Order and directing the United States to

release and return to Jeffrey H. Loria & Co. Inc., the *untitled* Miró, the Léger, *Portrait of Mrs. Chester Dale,* and either of the two artworks, *Sao Paolo I* or *Sao Paolo II.*

This 2nd day of July, 2018                    Respectfully submitted,

 

Melvyn R. Leventhal
Attorney At Law
488 Madison Avenue, 18th Floor
New York, New York 10022
212 935 0800

David Y. Wolnerman
White & Wolnerman, PLLC
950 Third Avenue, 11th Floor
New York, New York 10022
212 308 0603

*Attorneys for Petitioner - Claimant
Jeffrey H. Loria & Co., Inc.*