**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> -v.- <br><br> EZRA CHOWAIKI, <br><br> Defendant, <br><br> and <br><br> ANDREW and KIRSTEN NEUMAN, <br><br> Third Party Petitioners. | **VERIFIED PETITION OF ANDREW AND KIRSTEN NEUMAN FOR DETERMINATION OF THIRD PARTY INTEREST IN PROPERTY SUBJECT TO FORFEITURE** <br><br> Case No. <br> 1:18-CR-00323 |

---

ANDREW AND KIRSTEN NEUMAN by their attorneys, Griffin Hamersky LLP, pursuant to 21 U.S.C. §853 (n) and Rule 32.2 (c) of the Federal Rules of Criminal Procedure, petition this Court for a determination of Petitioners' interest in property subject to the Court's Preliminary Order of Forfeiture as to Specific Property/ Money Judgment entered on May 15, 2018 (the "Forfeiture Order"), state as follows:

## FACTUAL BACKGROUND

1. Andrew and Kirsten Neuman (the "Neumans" or "Petitioners") are a married couple living in New York, New York.

2. Petitioners submit that this petition arises out of the criminal forfeiture proceedings that are ancillary to the criminal proceedings against Ezra Chowaiki (the "Defendant").

3. Defendant was the owner of a gallery (the "Gallery") located in New York, New York and the owner of the entity Chowaiki & Co. Fine Art Ltd.

4.  On May 3, 2018 Defendant pled guilty in this proceeding to charges of wire fraud in violation of Title 18, United States Code, Section 1343. Defendant, through his Gallery, engaged in a scheme designed to deceive dealers, collectors and owners of fine artwork, by eliciting money or valuable artwork from such individuals under the false pretenses that Defendant would purchase, sell or consign artwork through legitimate transactions.

5.  As part of his plea, Defendant agreed to entry against him of a money judgment in the amount of $16,635,370, as constituting the amount of funds involved in or derived from Defendant's crime of conviction in addition to the forfeiture of approximately twenty-six (26) works of art, (the "Specific Property") to the government of the United States of America (the "United States").

6.  The Forfeiture Order provides that the money judgment may be enforced against, *inter alia*, all of Defendant's right, title and interest in the Specific Property, including Pablo Picasso's *Le Clown* (the "Artwork") and that such Specific Property is now considered seized by the United States.

7.  The Artwork, which is the subject of this Petition, is the Neumans' property, as more fully described below.

8.  On March 31, 2017 Petitioners entered into a joint venture agreement (the "Agreement") with Chowaiki & Co. Fine Art Ltd. A copy of the Agreement is attached hereto as Exhibit "A."

9.  Pursuant to the Agreement, Petitioners and the Defendant's Gallery formed the joint venture for the sole purpose of the Neumans' acquiring, and thereafter selling for profit, the

Artwork. The Defendant was designated as the Petitioners' exclusive agent for the Artwork should the Petitioners' eventually decide to sell the Artwork.[1] (Exhibit A, ¶12).

10. It is without question that the Petitioners are the sole and exclusive owners of the Artwork. Defendant never acquired any ownership interest in the Artwork. (Exhibit A, ¶10)

11. Since the Neuman's acquisition of the Artwork, the certificate verifying the authenticity of the Artwork has always been, and continues to remain, in the Neumans' possession. The certificate of authenticity of the Artwork, in accordance with the Agreement, was not held by the Defendant nor his Gallery.[2]

12. On April 3, 2017, Petitioners completed their purchase of the Artwork by wiring the Defendant ▆▆▆▆ (the "Wire"). A copy of the Wire confirmation is attached hereto as Exhibit "B."

13. On November 13, 2017, (the "Petition Date") Chowaiki & Co. Fine Art Ltd. filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Case").

14. Prior to the Petition Date, Petitioners requested possession of the Artwork from Defendant, and Petitioners actually obtained physical possession of the Artwork in early November 2017.

15. The Artwork is currently in the Petitioners' possession.

16. On March 6, 2018, Petitioners filed a proof of claim (the "Proof of Claim") in the Bankruptcy Case. The Proof of Claim is attached hereto as Exhibit "C."

---

[1] The decision whether to sell the Artwork was at the Petitioners' sole discretion.

[2] Resale of the Artwork is contingent on the concurrent transfer of the related certificate of authenticity.

17. After filing the Proof of Claim, Petitioners' attorney learned of this criminal proceeding and spoke with Assistant United States Attorney, Daniel M. Tracer regarding the Artwork.

18. On June 4, 2018, Assistant United States Attorney, Daniel M. Tracer sent notice to Petitioners' attorney, instructing Petitioners to file a petition for a hearing to adjudicate the validity of Petitioners' interests as described in the Forfeiture Order, within thirty (30) days. The notice was received by Petitioners' attorney on June 11, 2018. A copy of the Assistant United States Attorney's letter is attached hereto as Exhibit "D."

## LEGAL STANDING OF THE PETITIONERS

19. Petitioners oppose the forfeiture of the Artwork as Petitioners have a specific and superior ownership interest in the Artwork.

20. The United States cannot seize Petitioners' Artwork because forfeiture in federal criminal proceedings is *in personam*: such that it is designed to punish the offender. Pursuant to 21 U.S.C. §853, the United States' interest is coextensive with that of the Defendant, because the United States is entitled only to the forfeiture of property belonging to the Defendant. Accordingly, it is improper for the United States to impose the Forfeiture Order upon the Petitioners since the Artwork is unambiguously the exclusive property of the Neumans.

## LEGAL POSITION OF THE PETITIONERS

21. The procedures relating to the criminal forfeiture proceedings in this case are governed by 21 U.S.C. §853 and Federal Rule of Criminal Procedure 32.2. There are only two bases upon which the United States may criminally forfeit property: (1) as "offense property" meaning property which has a "nexus" to the crime for which a defendant was convicted; or (2) as "substitute property" meaning "any other property of the defendant." *See* 21 U.S.C. §853(a); 21

U.S.C. §853(p)(where sufficient offense property cannot be located the court "shall order the forfeiture of any other property of the defendant, up to the value of" the offense property); Fed. R. Crim. P. 32.2(b)(1)(A)("If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and offense"); *see also* U.S.C. §981(a) and 28 U.S.C. § 2461(c).

22. Petitioners have sole legal right, title and interest in the Artwork pursuant to 21 U.S.C. § 853(n)(6)(A), rendering the forfeiture of the Artwork invalid and improper.

23. The United States cannot criminally forfeit the Artwork as the Artwork is not "property of the defendant" under 21 U.S.C. §853 because "right, title, or interest had vested" in the Petitioner, and not the Defendant, as of April 3, 2017, when Petitioners completed payment for the Artwork.

24. Petitioners also assert ownership interests in the Artwork as bona fide purchasers for value of the Artwork under Federal and New York State laws.

25. Petitioners are bona fide purchasers for value of the right, title and interest in the Artwork pursuant to 21 U.S.C. §853(n)(6)(B), rendering the forfeiture of the Artwork invalid. Petitioners were reasonably without cause to believe, and completely unware, that the Artwork was being utilized as part of the Defendant's criminal scheme.

26. On April 3, 2017, and without knowledge of Defendant's subsequent criminal activity, Petitioners finalized their acquisition of the Artwork pursuant to the terms of the Agreement and became the rightful owners of the Artwork. Petitioners are the true and rightful owners of the Artwork as of April 3, 2017, and have maintained physical possession of the Artwork since early November 2017.On April 3, 2017, and without knowledge of Defendant's subsequent criminal activity, Petitioners finalized their acquisition of the Artwork pursuant to the terms of the

Agreement and became the rightful owners of the Artwork. Petitioners are the true and rightful owners of the Artwork as of April 3, 2017, and have maintained physical possession of the Artwork since early November 2017.[3]

27. Additionally, the Second Circuit has held that the question of whether a petitioner is a bona fide purchaser under § 853(n)(6)(B) is a question appropriately determined by reference to state law. *United States v Dreier*, 952 F Supp 2d 582, 590 [SDNY 2013] (internal citations omitted). Under relevant New York law, a person gives value for rights if the person acquires them in return for any consideration sufficient to support a simple contract. *Id* citing N.Y. U.C.C. § 1–201(44). New York black-letter contract law, in turn, provides that "when a man acts in consideration of a conditional promise, if he gets the promise he gets all that he is entitled to by his act, and if, as events turn out, the condition is not satisfied, and the promise calls for no performance, there is no failure of consideration." *Id*.

28. Here Petitioners paid ▓▓▓▓▓▓ to Defendant for the Artwork. Petitioners' payment was value and consideration given to Defendant to ensure Petitioners' right to ultimately own the Artwork. The value and consideration given by Petitioners to Defendant was sufficient under New York Law and the transaction was memorialized through the Agreement. Petitioners' payment was sufficient consideration to support a contract, and constitutes "value" under New York state law, and thus also constitutes "value" under Section 853(n)(6)(B).

29. To the extent that there are competing claims in the Artwork, such claims accrued after ownership and title in the Artwork already had vested with the Neumans. Therefore, any competing claims that accrued after April 3, 2017 are invalid on their face.

---

[3] Defendant was arrested on December 15, 2017, well after Petitioners acquired ownership, title, and possession of the Artwork.

30. It is black letter law that a vendor can convey no greater title than he possesses. *See, e.g. McNeil v. Tenth Nat. Bank*, 46 N.Y. 325, 330 (stating that is settled that conveyance of title without authority to do so "is clearly insufficient to preclude the real owner from reclaiming his property, in case of an unauthorized disposition of it by the person so entrusted"). To the extent the Defendant falsely conveyed any interest in the Artwork, which he neither owned nor was authorized to convey by the Petitioners, those subsequent conveyances must be deemed invalid by this Court.

**WHEREFORE,** Petitioners respectfully request that this Court enter an Order confirming that Petitioners are the rightful owners of the Artwork and grant such other and further relief as this Court deems equitable and proper.

Dated: New York, New York
June 28, 2018

Respectfully submitted,

GRIFFIN HAMERSKY LLP

By: /s/ Michael D. Hamersky
Michael D. Hamersky
Scott A. Griffin
420 Lexington Avenue, Suite 400
New York, New York 10170
Telephone: (646) 998-5580
Facsimile: (646) 998-8284

*Counsel for Petitioners Andrew and Kirsten Neuman*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

UNITES STATES OF AMERICA,

-v.-

EZRA CHOWAIKI,

Defendant,

and

ANDREW and KIRSTEN NEUMAN,

Third Party Petitioners.

-----------------------------------------------------------------X

Case No.
1:18-CR-00323

## VERIFICATION

STATE OF NEW YORK         )
                          ) SS:
COUNTY OF Westchester     )

I, Andrew Neuman, being duly sworn, depose and say:

I declare under penalty of perjury pursuant to 28 U.S.C. §1746 that I have read the above and foregoing Petition pursuant to 21 U.S.C. § 853(n), know the contents thereof and certify that the same is true and correct to the best of my knowledge and belief.

_Andrew Neuman_

Sworn this 26th day of June 2018

MARY DUNWOODY
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01DU6356781
Qualified in Westchester County
Commission Expires April 03, 2021