# PETITION FOR REMISSION OR MITIGATION OF A CRIMINAL OR CIVIL FORFEITURE ACTION BY THE UNITED STATES DEPARTMENT OF JUSTICE

Note: This is a sample to assist potential petitioners. There is no legal form or format required for filing a petition. For more specific guidance on filing your petition, please consult Title 28, Code of Federal Regulations (C.F.R.) Section 9.4, which can be found at www.GPOaccess.gov.

To: The Attorney General of the United States c/o United States Attorney's Office for the Southern District of New York, Attn: AUSA Daniel M. Tracer, One Saint Andrew's Plaza, New York, New York 10007

From: Jay Teitelbaum, Esq., Teitelbaum Law Group, LLC, Attorneys for Petitioner Jane Holzer

1 Barker Avenue, 3rd Floor, White Plains, New York 10601

(Name and address of petitioner or petitioner's attorney or representative)

(Social Security Number / Taxpayer Identification Number of Petitioner)

(914) 437-7670                                jteitelbaum@tblawllp.com

**Phone Number**                              **Email Address**

I am petitioning for the remission of the property described below because I am (check all that apply):

☑ a victim of the crime underlying the forfeiture of the forfeited property, or related offense (*complete Sections I, III, and V*);

☐ an owner of the forfeited property (*complete Sections I, II and V*); and/or

☑ a lienholder of the forfeited property (*complete Sections I, II, and V*).

If you would like to petition for the mitigation of the property (return of part of your interest in the property or return upon the imposition of certain conditions) because of extreme hardship, you must also complete Section IV.

## SECTION I

Description of Property (include specific information such as make, model, or serial numbers if applicable):

Two (2) original artworks: (1) Cindy Sherman - "Untitled 427" (color photograph); and (2) Maria Helena Vieira da Silva (identified in Consent Order of Forfeiture as Marie-Lourdes da Silva) - "Tempete" (oil painting)

Seizing Agency: Federal Bureau of Investigation
Seizure Number/Asset ID Number:
Date and Place of Seizure: Delivered by Petitioner to Day & Meyer, Murray & Young Corp., as custodian for FBI, on 4/3/18, per directions of Agent Christopher McKeogh

**Court Case Information**

Case Name: United States v. Ezra Chowaiki
Case Number: 18 Cr. 323 (JSR)
Judicial District: Southern District of New York

# SECTION II

Request for Remission - Owner or Lienholder

*This section should be completed by persons claiming an ownership interest in the property.*

I am requesting remission of this forfeiture pursuant to 28 C.F.R. § 9.5(a) because I have a valid, good faith, and legally cognizable interest in the seized property as owner or lienholder as described below:   See Addendum # 1

*Provide supporting documentation such as bills of sale, retail installment agreements, contracts, certificates of title, or mortgages.*

AND

1. ☑ I am innocent within the meaning of the innocent owner standard as provided in Title 18 U.S. Code Section 983(d), because:

   ☑ I did not know of the conduct giving rise to the forfeiture; or

   ☐ Upon learning of the conduct giving rise to the forfeiture, I did all that reasonably could be expected under the circumstances to terminate such use of the property.

   Please explain answer:   See Addendum # 2

OR

2. ☐ I was a bona fide purchaser or seller of the forfeited property for value without cause to believe that the property was subject to forfeiture at the time of the offense underlying the forfeiture.

OR

3. ☐ I held a legally cognizable interest in the forfeited property at the time of the offense underlying the forfeiture superior to that of the defendant.

Please explain answer 2 or 3:

# SECTION III

Non-Owner Victim's Explanation of Loss

*This section should be completed by victim petitioners only.*

☑ I am requesting remission of this forfeiture because I am a victim of the criminal offense underlying the forfeiture of this property or am the victim of a related offense and I have suffered a pecuniary loss as a result of the offense that resulted in the forfeiture.

In the space provide below, please explain how you are a victim of the criminal offense, or a related offense, underlying the forfeiture of this property.  Be as specific as possible and provide details such as significant dates, names of individuals whom you dealt with, the amount of money you claim to have lost (including specifics of the transactions resulting in the loss), and any other information that you believe would be helpful in verifying your loss.  Please attach documentation of your loss (copies only), including receipts, invoices, bank statements, wire transfer confirmation statements and cancelled checks, to your petition.

**Do not attach your original documents to the petition.**

See Addenda #1 and #2

Total Amount of Pecuniary Loss Claimed: $991,092.76

**(Do not include collateral expenses such as attorney fees, investigative costs, lost wages. Do not include non-pecuniary harms such as pain and suffering, emotional distress, etc.)**

# SECTION IV

Petition for Mitigation of the Forfeiture

*This section need be completed only by owner and lienholder petitioners seeking alternative relief to complete remission of the property.*

In the event that the Ruling Official determines that I do not qualify for remission of the property, I hereby request mitigation of the forfeiture to avoid extreme hardship. In support of my request, I would like the Ruling Official to consider the following extenuating circumstances:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## SECTION V

Declaration

*The declaration must be completed by all petitioners unless the petitioner is represented by an attorney. The attorney may complete the declaration if the petitioner completes the sworn notice of representation below.*

I understand that the information that I am providing in support of my petition will be relied upon for purposes of determining my right to receive a petition award. I hereby declare under penalty of perjury under the laws of the United States of America that I believe that the information I am providing in support of my petition is true and correct. I further certify that any documents I have submitted in support of my petition consist of unaltered copies of documents that are in my possession.

_____
**Signature**

Jane Holzer
_____
**Print Name**

July 9, 2018
_____
**Date**

## Sworn Notice of Representation

*This section must be completed only by petitioners who are represented by an attorney and whose attorney has executed the declaration provided above.*

I have retained the attorney who has completed the Declaration in Section V to represent me in this matter. I have reviewed the foregoing petition and found that its contents are accurate to the best of my information and belief. I declare under penalty of perjury that the foregoing information is true and correct.

_____
**Signature**

_____
**Print Name**

_____
**Date**

**The completed original petition for remission and all supporting documentation must be submitted to the United States Attorney for the judicial district in which the forfeiture proceedings took place. A copy of the petition for remission should be submitted to the seizing agency in the judicial district in which the seizure occurred.**

Petition for Remission or Mitigation of a Criminal or Civil Forfeiture Action by the U.S. Department of Justice
Case Name: United States v. Ezra Chowaiki
Case Numer: 18 Cr. 323 (JSR)
Judicial District: Southern District of New York
Petitioner: Jane Holzer

## Addendum #1

Jane Holzer is a collector of modern and contemporary art. From time to time, she consigns items from her personal collection for resale. It was in this capacity that she initially became involved with Ezra Chowaiki ("**Chowaiki**"), an art dealer and part owner of the now-defunct Chowaiki & Co art gallery.

In January of 2017, Ms. Holzer loaned Chowaiki and Co. Fine Art Ltd. $1,900,000.00 to allow Chowaiki to purchase and resell a 1977 Willem de Kooning painting, *East Hampton IV*. From the sale proceeds, she would receive her money back together with a $225,000.00 return on her loan. See Chowaiki's email to Ms. Holzer dated January 5, 2017, annexed hereto as **Exhibit A.** Chowaiki represented to Ms. Holzer that the transaction would be completed within a month's time. Ms. Holzer agreed to the arrangement and on January 5, 2017 wired the sum of $1,900,000.00 to Chowaiki. See wire transfer details annexed hereto as **Exhibit B**.

Chowaiki failed to close the DeKooning sale within the month, and Ms. Holzer became increasingly uneasy as weeks and months passed. On the advice of her attorney, she demanded that the terms of the loan be documented and that Chowaiki furnish collateral to secure repayment of all sums owed to her. On or about April 20, 2017, Ms. Holzer and Chowaiki entered into the agreement annexed hereto as **Exhibit C** (the "**Loan Agreement**"). Pursuant to the Loan Agreement, the amount to be repaid to Ms. Holzer was increased from $2,125,000.00 to $2,175,000.00. She was additionally granted the right to charge Chowaiki interest in the amount of $302.08/day from February 1, 2017 until the total loan (the "**Loan**") was paid in full. To secure the obligations under the Loan, Chowaiki granted Ms. Holzer a security interest in artworks including a Fernand Léger oil painting, *Composition I* (the "**Legér**"), a Juan Gris oil painting titled *Le Compotier* (the "**Gris**"), *Thread*, a mixed media piece by John Baldessari (the "**Baldessari**"), and a Cindy Sherman color photograph, *Untitled #417* (the "**Sherman**" and, together with the Legér, the Gris, and the Baldessari, the "**Original Collateral**"). If the Loan was not repaid in full on October 20, 2017, Ms. Holzer was entitled to foreclose upon the Original Collateral. This enforcement right was intended by the parties to be in addition to, and not in limitation of, all of Ms. Holzer's other rights and remedies at law and in equity.

As set forth in the Government's criminal complaint, Chowaiki was engaged in multiple fraudulent schemes during this time period, involving a number of art investors, purchasers, and sellers. To keep all these balls in the air, it was necessary for Chowaiki to string his victims along as long as possible. Chowaiki engaged in various avoidance and

delay tactics with Ms. Holzer and her associates. A sale was always on the horizon, a wire was always in transit. On multiple occasions, a check was delivered but ultimately dishonored. Chowaiki would additionally, from time to time, promise to pay late fees to compensate Ms. Holzer for his untimely repayment of the Loan. In total, $490,000.00 in late fees was added to the balance of the Loan.

Although the Loan Agreement provided that Ms. Holzer would be given possession of the Original Collateral, only the Sherman was actually delivered to her. Chowaiki sold or otherwise disposed of the Léger, the Gris, and the Baldessari without informing Ms. Holzer, and either failed to pay her any portion of the proceeds or only paid a portion of what was owed. See, e.g., July 24, 2017 email from attorney Dennis Hulse to Chowaiki, attached hereto as **Exhibit D**.

Ms. Holzer demanded that Chowaiki pledge additional artwork to collateralize the remaining Loan balance. On or about June 21, 2017, Chowaiki pledged *Crown* by Ed Ruscha (1985, dry pigment on paper). See June 21, 2017 email from Chowaiki to Ms. Holzer, attached here as **Exhibit E.** On or about July 5, 2017, Chowaiki pledged, and delivered to Ms. Holzer, a 1957 oil painting by Maria Helena Vieira da Silva, titled *Tempĕte* (the "**da Silva**")*,* and an Alexander Calder piece was also pledged and delivered to Ms. Holzer around that time. See email from Dennis Hulse to Chowaiki dated August 9, 2017, attached hereto as **Exhibit F**. Only $300,000 from the sale of the Ruscha, which Chowaiki purported to have sold for $600,000.00, was ultimately remitted to Ms. Holzer. Her records do not reflect the receipt of any proceeds from the sale of the Calder. The da Silva was not sold, and remained in the possession of Ms. Holzer until seized by the Government. The replacement collateral was insufficient to fully secure the Loan, and Ms. Holzer continued to demand additional security. See, e.g., email from Dennis Hulse to Chowaiki dated September 14, 2017, attached hereto as **Exhibit G**.

On or about August 7, 2017, Chowaiki was presented with, and signed off on, an accounting of the Loan (the "**August Accounting**"), acknowledging the dates and amounts of payments made on account of the Loan, the interest and late fees accrued, and the total Loan payoff amount, which was, as of August 7, 2017, $1,371,791.  A copy of the executed August Accounting is annexed hereto as **Exhibit H**.

Ms. Holzer's books and records reflect that between August 14, 2017 and September 5, 2017, Chowaiki made additional payments on the Loan totaling $410,000.00. This is confirmed by filings in the Chowaiki & Co. Fine Art Ltd. bankruptcy case (the

Petition for Remission or Mitigation of a Criminal or Civil Forfeiture Action by the U.S. Department of Justice
Case Name: United States v. Ezra Chowaiki
Case Numer: 18 Cr. 323 (JSR)
Judicial District: Southern District of New York
Petitioner: Jane Holzer

"**Bankruptcy**"). See the highlighted transactions on Schedule 3 to the Statement of Financial Affairs filed as ECF Document 8 in the Bankruptcy, annexed hereto as **Exhibit I**.

On or about September 21, 2017, Ms. Holzer filed UCC-1 Filing Statements identifying the Loan collateral that was then in her possession, i.e. the Sherman and the da Silva (collectively, the "**Collateral**.") Those filings (the "**Financing Statements**") are annexed hereto as **Exhibit J** and **Exhibit K**. As noted, in addition to filing the Financing Statements, Ms. Holzer perfected her security interest in the Collateral pursuant to NY UCC §9-310 by taking physical possession of and exercising control over the Collateral.

The Bankruptcy was filed on November 13, 2017. As of that date, Ms. Holzer was owed $991,092.76 on account of the Loan (the "**Debt**"). See supporting reconciliation of the Loan from the August Accounting through the Petition Date attached hereto as **Exhibit L**.

Ms. Holzer is the holder of a perfected lien in and upon the Collateral which secures the obligations under the Loan Agreement. This security interest constitutes a valid, good faith, and legally cognizable interest in the seized property.

If the Collateral is not returned to Ms. Holzer, her status in the Bankruptcy will be reduced from a secured creditor to a general unsecured creditor. This would have a devastating effect on her recovery prospects. As a secured creditor, she is entitled to be paid the value of the Collateral, up to the amount of the Debt. The Government puts this value at $1,013,370.00. If this valuation is accurate, Ms. Holzer would recover 100% of the Debt. In contrast, general unsecured creditors may receive, at best, pennies on the dollar. According to the Statement of Assets and Liabilities filed in the Bankruptcy (ECF Docket No. 7), the estate has $11,877,011.03 in liabilities, with assets of only $276,681.59.

### Addendum #2

Ms. Holzer was not aware that Chowaiki was engaged in any fraudulent schemes, including those detailed in the Criminal Complaint in this action. Indeed, as detailed in Addendum #1 and as acknowledged by the Government, she is one of his victims. At the time she made the Loan, the Chowaiki and Co. gallery had been in operation for over a decade, and Chowaiki was a well-known dealer in "blue chip" art. Ms. Holzer had no reason to suspect that he was an unscrupulous conman and thief.