UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>EZRA CHOWAIKI,<br><br>Defendant,<br><br>-and-<br><br>RICK D. SILVER and ALBERT TOGUT, CHAPTER 7 TRUSTEE OF THE ESTATE OF CHOWAIKI & CO. FINE ART LTD.,<br><br>Petitioners. | Case No: 18 Cr. 323 (JSR)<br><br>**STIPULATION AND ORDER** |

JED S. RAKOFF, District Judge:

This Stipulation and [Proposed] Order ("Stipulation") is entered into by and among Rick D. Silver, Albert Togut, in his capacity as Chapter 7 trustee of the estate of Chowaiki & Co. Fine Art Ltd. (the "Trustee," together with Silver, the "Petitioners"), and the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorney Daniel M. Tracer, of counsel (the "United States," together with the Petitioners, the "Parties"):

## RECITALS

**The Criminal Action**

**WHEREAS**, Ezra Chowaiki (the "Defendant") was charged under a December 12, 2017, Criminal Complaint alleging, among other things, that he "engaged in a scheme to deceive other dealers and collectors of fine artwork into sending him money or valuable artwork under the false pretenses . . . and instead kept funds and artwork for himself and the Gallery, or sold them to others . . . without authorization." (Dkt. No. 1, ¶ 8);

**WHEREAS**, Silver is identified as "Victim-5" in the Criminal Complaint describing the scheme that the Defendant perpetrated involving the work of art by Marc Chagall, entitled *Bouquet de giroflées* (the "Chagall Work") (*id.* at ¶¶ 18-19);

**WHEREAS**, on or about May 3, 2018, the Defendant was charged in a one-count Information, 18 Cr. 323 (the "Information") with wire fraud, in violation of Title 18, United States Code, Section 1343 (Count One) (Dkt. No. 14);

**WHEREAS**, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(l)(C) and Title 28, United States Code, Section 2461(c), of any and all proceeds traceable to the commission of the offense charged in Count One of the Information;

**WHEREAS**, on May 3, 2018, the Defendant pleaded guilty to Count One of the Information charging him with wire fraud in violation of 18 U.S.C. § 1343.  As part of his guilty plea, the Defendant admitted to the forfeiture allegation with respect to Count One and agreed to forfeit, pursuant to United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), various artworks and assets.  (Dkt. No. 20);

**WHEREAS**, on or about May 3, 2018, the Court accepted the Defendant's guilty plea;

**WHEREAS**, on or about the May 16, 2018, the Court entered an Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment ordering the forfeiture to the United States, among other things, of all right, title and interest of the Defendant in the Chagall Work, listed by letter (d) among various works of art, defined collectively as the "Specific Property" (Dkt. No. 19 at 1(d)) (the "Preliminary Forfeiture Order");

**WHEREAS**, the Preliminary Forfeiture Order provides that the Defendant "does not contest the right of the United States (or its designee) to take possession of the Specific Property," and that each of the artworks, including the Chagall Work, defined collectively as the Specific

2

Property, shall be "forfeited to the United States" or "returned to its rightful owner."  (*Id.* at ¶¶ 8, 12);

**WHEREAS**, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property, including the Chagall Work, was posted on an official government internet site (www.forfeiture.gov) beginning on July 6, 2018 for thirty (30) consecutive days, through August 4, 2018, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions;

**WHEREAS**, this Court ordered that "[a]ny person other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier[.]" (Dkt. No. 19 at ¶ 9);

**WHEREAS**, in or about August 2018, the United States Attorney's Office for the Southern District of New York caused notice of the forfeiture proceedings to be served by mail on Alon Zakaim Fine Art Limited, Galerie B. Weil Limited, and Thomas Gibson Fine Art Limited (collectively, the "Current Possessors of the Chagall Work"), who had taken physical possession of the Chagall Work from the Defendant in or about November 2017, as described in the Criminal Complaint (Dkt. No. 1, ¶ 8);  ;

**WHEREAS**, on or about July 6, 2018, Silver filed a Verified Petition with this Court asserting his ownership of the Chagall Work, such ownership interest being superior to any right, title or interest of the Defendant or any other party in or to the Chagall Work at the time of the commission of the acts giving rise to forfeiture.  (Dkt. No. 39);

**WHEREAS**, on or about July 13, 2018, the Trustee filed an amended petition with the Court claiming a superior interest to those "asserted by Mr. Silver and others" in the Chagall Work, and seeking a declaration that "the Trustee on behalf of the Chapter 7 Estate, is the owner

3

of all legal right, title, and interest in" the Chagall Work and "[o]rdering the United States to deliver the [Chagall Work] to the Trustee." (Dkt. No. 60 at 19(A), (C));

**WHEREAS**, pursuant to Title 21, United States Code, Section 853(n)(2) the deadline to file a petition with the Court asserting any legal interest in or to the Chagall Work expired on September 4, 2018;

**WHEREAS**, no claims to the Chagall Work, other than Silver's and the Trustee's claims, were timely filed with the Court;

**WHEREAS**, the United States at no time in the past held, nor does it currently hold, the Chagall Work in its possession;

**WHEREAS**, on January 11, 2019, the Court So-Ordered a Stipulation among Silver, the United States Government, and the Trustee, concerning the Chagall Work (referred to as the "Subject Property") providing that "[t]he United States recognizes Petitioner Silver's superior right, title and interest in the Subject Property pursuant to Title 21, United States Code, Section 853(n)(6)(A) and hereby agrees that it will not seek to forfeit the Subject Property or otherwise include the Subject Property in a final order of forfeiture" (the "Chagall Order"). (Dkt. No. 95 at 4-5.)  The Court further ordered that, if the United States at some point does come into possession of the Chagall Work, it is "hereby directed to return [it] to Petitioner Silver." (*Id.* at 5 ¶ 7);

**WHEREAS**, on November 7, 2019, this Court entered a Final Forfeiture Order stating that "the Court signed a settlement agreement resolving all remaining third-party claims to the Specific Property in this case.  Because the Government is not seeking final forfeiture and all third-party interests have been accounted for, the Court finds that the Preliminary Order of Forfeiture, ECF No. 19, is now the final order of forfeiture" (the "Final Forfeiture Order"). (Dkt. No. 127);

4

**The State Court Action**

**WHEREAS**, on November 9, 2018, Silver filed an action in New York Supreme Court, New York County, against the Current Possessors of the Chagall Work, among other reasons, to enforce the Chagall Order and asserting claims for replevin seeking the return of the Chagall Work. *See Silver v. Alon Zakaim Fine Art Ltd.*, Index No. 160435/2018 (Sup. Ct. N.Y. Co.) (the "State Court Action");

**WHEREAS**, on May 10, 2019, the Current Possessors of the Chagall Work moved to dismiss Silver's Complaint under CPLR §§ 301, 302 and 3211 based on lack of personal jurisdiction and for failure to state a claim;

**WHEREAS**, on July 31, 2019, the New York Supreme Court denied the motion to dismiss;

**WHEREAS**, the Current Possessors of the Work appealed the State Court's decision to the Supreme Court, Appellate Division, First Department. On February 11, 2020, the First Department unanimously affirmed the State Court's decision, holding that "the Supreme Court has personal jurisdiction of defendants based on the allegations that defendants transacted business in New York by purporting to purchase a majority interest in a painting from a New York art gallery, which retained a minority interest in the painting, and marketing the painting for sale in New York under a consignment agreement with Christie's New York, using a New York address" and "[t]he complaint adequately alleges that there were warning signs that should have alerted defendants that the sale was not legitimate and prompted them to undertake further inquiry." *Silver v. Alon Zakaim Fine Art Limited*, 180 A.D.3d 467, 467-68 (1st Dep't 2020);

**WHEREAS**, on September 27, 2019, Silver moved for summary judgment under CPLR Rule 3212 based on the doctrines of res judicata and collateral estoppel, arguing that the title

claims asserted by the Current Possessors of the Chagall Work constituted an impermissible collateral attack on this Court's final order. (State Court Action, Dkt. No. 98);

**WHEREAS**, in opposition to Silver's summary-judgment motion, the Current Possessors of the Chagall Work argued that the term "Subject Property" as used in the Chagall Order, refers not to the Chagall Work itself, but only to "all right, title and interest of the Defendant" in the Chagall Work. (*Id.* at Dkt. No. 141 at 2); and

**WHEREAS**, on March 2, 2020, the New York Supreme Court agreed to hold Silver's summary-judgment motion in abeyance to allow Silver to seek further clarification from this Court as to the meaning of the term "Subject Property" in the Chagall Order: "I'm not really sure what those orders mean . . . as applied to this particular configuration of ownership interest. . . . I don't want this to be read as criticism of the orders. I just think this is an unusual case and the stipulations that the Court was presented with as applied here are a little bit uncertain to me especially that lead in to each one of the definitions of specific property that says defendant's interest in." (March 2, 2020, Tr. at 57:6-16.)

**NOW, THEREFORE**, it is hereby stipulated and agreed to by the United States, the Trustee, and Silver:

1.   The term "Subject Property" as referred to in the Chagall Order means and refers to the Chagall Work itself, and not to any partial ownership or other interest in and to that artwork, nor is that term limited to the ownership interest held or asserted in or to the Chagall Work by the Defendant.

2.   The term "Specific Property" as referred to in the Preliminary Forfeiture Order means and refers to the artworks themselves listed therein, and not to any partial ownership or other interest in and to those artworks, nor is that term limited to the ownership interest held or asserted in and to those artworks by the Defendant.

3. The Stipulation may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. The signature pages may be transmitted by fax or by electronic file in PDF format, and such signatures shall be deemed equivalent to valid originals.

**AGREED AND CONSENTED TO:**

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: /s/ Daniel M. Tracer    4/13/2020
Daniel M. Tracer    Date
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2329

RICK D. SILVER

By: [signature]    4/13/2020
Rick D. Silver    Date

By: [signature]    4/13/2020
Judd B. Grossman    Date
Grossman LLP
745 Fifth Avenue, 5th Floor
New York, New York 10151
(646) 770-7445

ALBERT TOGUT, Chapter 7 Trustee of the Estate of Chowaiki & Co. Fine Art Ltd.

By: [signature]    4/13/2020
Neil Berger    Date
(Counsel for the Trustee)
Togut, Segal & Segal LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

**SO ORDERED:**

_____
United States District Judge

Dated: April 20, 2020

8